# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

TIMOTHY HAROLD KROHN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

NO. CV-11-415-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Cory Brandt. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Daphne Banay.

**I.  Jurisdiction**

On July 9, 2009, Plaintiff Timothy Krohn filed a Title II application for disability insurance benefits (DIB). Plaintiff alleges that he has been disabled since December 31, 2006. At the hearing, he amended his disability onset date to

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

August 31, 2008. Plaintiff alleges he is disabled because of cervical disc disease, degenerative arthritis of the lumbar spine, DDD, sleep disorder, intervertebral syndrome, tinnitus, headaches, leg pain, shoulder pain, ankle pain, arthritis, depression, dizziness, balance problems, and blurred vision.

His application was denied initially on September 23, 2009, and again denied on reconsideration. A timely request for a hearing was made. On June 1, 2010, Plaintiff appeared in Spokane, Washington before Administrative Law Judge (ALJ) R. J. Payne. Plaintiff was represented by attorney Allan Bonney.

The ALJ found that Plaintiff was not disabled from December 31, 2006, the alleged onset date, through December 31, 2009, the date last insured. Plaintiff timely requested review by the Appeals Council, which was granted. On September 13, 2011, the Appeals Council issued its decision, concluding that Plaintiff was not entitled to disability insurance benefits. The Appeals Council's decision is the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff timely filed an appeal with the U.S. District Court for the Eastern District of Washington on October 31, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f),

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

At the time of the hearing, Defendant was 47 years old. He has one year of college education, and has worked as an aircraft mechanic and a truck driver. He is a military retiree, having served in the Air Force from 1980 to 2002. He maintains he began to experience various health problems in 2005, which increasingly limited his ability to work. He states by December 31, 2006, he was completely unable to work.

Plaintiff has chronic back pain and stomach and abdominal pain that increases as his back pain increases. He has degenerate arthritis of the lumbar spine. He testified that he cannot sit or stand. Actions like turning, bending, and sneezing can increase his pain, throw out his back and render him bedridden for up to 21 days. His back pain radiates down his legs, and causes numbness in his feet and legs. He suffers from focal cervical degenerative disc disease, which causes neck pain, dizziness, blurred vision, loss of balance, constant ear ringing, earache, and constant headaches.

Plaintiff also has a history of mental illness, including severe affective disorders, as well as major depression involving suicidal thoughts. He also complains of chest pain, tightness, and discomfort, restlessness, sleep disorders, breathing problems, sinus discomfort, obesity, constipation, facial pain and numbness. He has Hepatitis A.

He maintains he has difficulty moving his legs and back, squatting, carrying things, bending, reaching, turning, kneeling, or even talking. He avoids using the stairs. Pain interferes with his ability to talk, hear, and see. He reports that he cannot concentrate, and has trouble maintaining, understanding and following directions, completing tasks, and paying attention. He indicates he has difficulty dressing and bathing, has to wear slip-on shoes and clothing that is very easy to

put on, and sometimes cannot dress or bathe without help. He maintains he has some conditions which are not yet understood, and further treatment and examination are needed.

## V. The ALJ's findings

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009. (Tr. 23.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from December 31, 2006 through his date last insured of December 31, 2009. (Tr. 23.)

At step two, the ALJ found Plaintiff had the following severe impairments: history of/status-post lumbar surgery due to spinal stenosis and a herniated disc and carpal tunnel release, with resulting degenerative disc disease of the lumbar and cervical spines and facet spondylosis with radiating symptoms, and chronic cervical radiculopathy; obstructive sleep apnea with chronic headache, hyper somnolence, and arrhythmias with frequent ventricular contractions. (Tr. 23.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26.)

The ALJ found Plaintiff has the residual functional capacity[2] to perform

---

[2] "RFC is what an individual can still do despite his or her functional limitations and restrictions cased by his or her medically determinable physical or mental impairments. It is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to perform work-related physical and mental activities. . . RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis: i.e. 8 hours a day, for 5 days a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

light work with limitations for only occasional overhead activities and postural manipulations (bending, stopping, twisting, etc.) (Tr. 26.)

At step four, the ALJ found Plaintiff not capable of performing past relevant work. (Tr. 28.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28.) The ALJ concluded that Plaintiff non-exertional limitations would have little or no effect on the overall occupational base of unskilled light work. (Tr. 28.) The ALJ found Plaintiff was not disabled. (Tr. 28.)

## VI. The Appeals Council Decision

The Appeals Council reviewed the ALJ's decision that Plaintiff was not disabled. It adopted the ALJ's statements regarding the pertinent provisions of the Social Security Act, the SSA's regulations and rulings, the issues in the case, and the evidentiary facts. (Tr. 4.) It adopted the ALJ's findings and conclusions regarding whether Plaintiff is disabled. (Tr. 4.)

At step two, the Council adopted a portion of the ALJ's findings, namely that as of the date last insured, Plaintiff's severe impairments included degenerative disk disease of the lumbar and cervical spines with facet spondylosis and radiculopathy; obstructive sleep apnea with chronic headache, hyper somnolence and arrhythmiasa with ventricular contractions. (Tr. 5.) The Appeals Council found that Plaintiff also had severe impairments of degenerative joint disease of the left shoulder and obesity. (Tr. 5.) The Appeals Council did not include carpal tunnel syndrome because Plaintiff did not receive any treatment or was even diagnosed with carpal tunnel syndrome until January 25, 2010, which is after the date last insured. (Tr. 5.)

---

week, or an equivalent work schedule. SSR96-6P.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

The Appeals Council adopted the ALJ's finding of Plaintiff's residual functional capacity and noted that this RFC includes the additional limitations caused by the two additional severe impairments. (Tr. 6.) The Appeals Council found the expert medical opinions to be generally consistent with the longitudinal record. It adopted the ALJ's conclusions regarding Plaintiff's statements concerning his subjective complaints. (Tr. 7.)

At step four, the Appeals Council adopted the ALJ's findings that, as of the date last insured, Plaintiff did not have the ability to perform his past work as an aircraft mechanic or truck driver, but agreed with the ALJ that Plaintiff was able to perform other work available in significant numbers in the national economic. (Tr. 7.) Specifically, the Appeals Council found that Plaintiff's non-exertional limitations do not significantly erode the occupational base for light work.

The Appeals Council concluded that Plaintiff was not disabled.

## VII. Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1. Did the Appeals Council err in rejecting Mr. Krohn's chronic back pain, abdominal pain, leg pain, ankle pain, arm pain, shoulder pain, tendinitis, tinnitus, numbness, sensory deficits, intervertebral syndrome, blurred vision, dizziness, balance problems, and arthritis as groundless at step two of the sequential evaluation process?

2. Did the Appeals Council err in improperly rejecting the opinions of Mr. Krohn's treating and examining doctors?

3. Did the Appeals Council err in improperly rejecting Mr. Krohn's subjective complaints?

4. Did the Appeals Council err in failing to meet its burden at step five, to identify specific jobs, available in significant numbers, which Mr. Krohn could perform in light of his specific functional limitations?

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

**VIII. Discussion**

    1.    **Step Two Analysis**

Plaintiff argues the Appeals Council erred in rejecting his chronic back pain, abdominal pain, leg pain, ankle pain, arm pain, shoulder pain, tendinitis, tinnitus, numbness, sensory deficits, intervertebral syndrome, blurred vision, dizziness, balance problems, and arthritis as groundless at step two.

"An 'impairment' must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-4p.[3] "A 'symptom' is not a medically determinable physical or mental impairment and no symptom by itself can establish the existence of such an impairment." *Id.* "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." *Id.* "Thus, regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; *i.e.*, medical signs and laboratory findings." *Id.*

"In addition, 20 CFR 404.1529 and 416.929 provide that an individual's symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect the individual's ability to do basic work activities (or, for an individual under age 18 claiming disability benefits under title XVI, to function independently, appropriately, and effectively in an age-appropriate manner) unless medical signs and laboratory findings show that there is a medically determinable physical or mental impairment(s) that could reasonably be

---

[3] http://www.socialsecurity.gov/OP_Home/rulings/di/01/SSR96-04-di-01.html.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

expected to produce the symptom(s) alleged." *Id.*

On the other hand, an individual's symptoms can cause limitations or restrictions. *Id.* For instance, pain can result in an exertional limitation if it limits the ability to perform one of the strength activities (e.g. lifting), or a nonexertional limitation if it limits the ability to perform a nonstrength activity (e.g. fingering or concentrating). *Id.*

In his opinion, the ALJ did not find Plaintiff's complaints of chest pain, exertional dyspnea, headaches, and tinnitus to be severe impairments because Plaintiff had completely normal evaluations and testing, that is, there was no medical signs and laboratory findings to show that there was a medically determinable physical or mental impairment that could reasonably be expected to produce these symptoms. This was not in error. *See* SSR 96-4p. Moreover, Plaintiff has not identified any credible substantial evidence that his tendinitis, tinnitus, intervertebral syndrome, sensory deficits, and arthritis significantly limit his ability to do basic work activities. The ALJ and the Appeals Council did not err in not finding these to be severe impairments, and did not err in failed to classify Plaintiff's own subjective symptoms as a severe medically determinable impairment.

### 2. Credibility

According to Plaintiff, he suffers from a number of debilitating symptoms and impairments that prohibit his ability to engage in full-time work. The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms not credible to the extent they are inconsistent with Plaintiff's residual functional capacity assessment. (Tr. 28.) The Appeals Council also found Plaintiff's subjective complaints not fully credible.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing

reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P.

The ALJ and the Appeals Council relied on test results and examination findings to make their credibility findings. For instance, in late 2006, Plaintiff complained of chest pain, exertional dyspnea, headaches, tinnitus, weakness and numbness of the right ulnar nerve. He was evaluated at the Hearts Clinics Northwest and the result was normal evaluations and testing. He complained of neck pain and underwent epidural steroid injections. Subsequent image testing in 2007 and 2009 showed only moderate degenerative changes. He complained of

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

sudden onset tinnitus of the left ear in July, 2006, but the resulting evaluation was unremarkable. In 2009 and 2010, he had normal or unremarkable examinations. The ALJ also noted that image testing since his second surgery continued to demonstrate no recurrent disc herniation, a mild paracentral disc bulge with no nerve root compression/displacement, and mild forminal narrowing. (Tr. 28.) Similarly, Plaintiff had normal or unremarkable examinations as part of his physical therapy.

In 2006, Dr. Bronson, MD made the following notation:

> Mr. Krohn has a lot of complaints today that are hard to tie together. He has had chronic ringing in his left ear, chronic facial pain on the left side with numbness and tingling all the way up the cheek; he has had the ear looked at, even by an audiologist I believe, and they came up with no pathology. He has neck pain and headaches. He has had some chest pain, abdominal pain, and he complains of weakness in his legs and some weakness in his right arm. Neurologic examination in his upper extremities is normal today. I reviewed his imaging. He has a degenerative level of C6-7 without central stenosis without cord changes. He has slight foraminal stenosis. None of this picture really fits. . . He has some axial pain and some neurologic symptoms, but they really do not fit very well with a single level degenerative disc in his neck.

(Tr. 298.)

Here, the ALJ and the Appeals Council give specific, clear, and convincing reasons for rejecting Plaintiff's subjective complaints. Moreover, substantial evidence supports their credibility determination.

### 3. Opinions of Treating Physicians and Examining Medical Providers

Plaintiff argues the ALJ and the Appeals Council improperly rejected the opinions of Plaintiff's treating and examining medical providers.

Plaintiff argues the ALJ and the Appeals Council summarily rejected Dr. Jae Lim's assessment that Plaintiff was probably in pain, and Dr. Vasil's opinion. Dr. Lim is a treating physician and Dr. Vasil is an examining doctor.

In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear" and "convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). An ALJ can satisfy this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Tommasetti v. Astrue*, 533 F.2d 1035, 1041 (9th Cir. 2008).

Here, the ALJ and the Appeals Council did not commit clear error. As Defendant points out, Dr. Lim's 2006 opinions predate Plaintiff's amended alleged onset date of August 31, 2008. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. Here, Dr. Lim's opinions do not specifically address Plaintiff's condition during the relevant time period, and therefore, the ALJ and the Appeals Council did not err in not discussing his opinion.

With respect to Dr. Vasil's opinion, the Appeals Council gave specific and legitimate reasons for rejecting Dr. Vasil's opinion that Plaintiff cannot complete overhead lifting. The Appeals Council noted that the examination of Plaintiff's shoulders showed only a slightly reduced range of motion on the left with some pain and moderate degenerative changes on the X-ray. (Tr. 6.)

**4.   Step Five Analysis**

Plaintiff argues the Appeals Council erred at Step Five of the sequential evaluation. Specifically, Plaintiff argues the Appeals Council erred by not including all of the nonexertional limitations assessed by state agency consultant Laura Ott, and nonexamining State agency physicians Dr. Platter and Dr. Shearer.

At step five, a vocational expert's testimony is required when a non-

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

exertional limitation is "'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations."[4] *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). "[S] satisfaction of the step-two threshold requirement that a claimant prove her limitations are severe is not dispositive of the step-five determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the grids without the assistance of a vocational expert." *Id.* An ALJ is required to seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable to the particular case. *Id.*

For the most part, the ALJ and the Appeals Council adopted the nonexertional limitations assessed by the state agency evaluators. However, the ALJ and the Appeals Council failed to include the following limitations noted by the state agency evaluators: (1) never climbing on a ladder/rope/scaffolds; and (2) avoid concentrated exposure to noise and hazards (machinery, heights, etc.).

The failure to include these limitations was harmless. *See Molina*, 674 F.3d at 1122 (applying harmless error standard and asking whether the ALJ's error was "inconsequential to the ultimate nondisability determination" in the context of the record as a whole). First, "[r]elatively few jobs in the national economy require ascending or descending ladders or scaffolding." SSR83-14. SSR83-14 also identified non exertional limitations or restrictions that have very little or no effect on the unskilled light occupational base:

> Examples are inability to ascend or descend scaffolding, poles, and ropes; inability to crawl on hands and knees; and inability to use the

---

[4] As the *Hoopai* court explained, "The step two and step five determinations require different levels of severity of limitations such that the satisfaction of the requirements at step two does not automatically lead to the conclusion that the claimant has satisfied the requirements at step five. 499 F.3d at 1076.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

finger tips to sense the temperature or texture of an object. Environmental restrictions, such as the need to avoid exposure to feathers, would also not significantly affect the potential unskilled light occupational base.

*Id.*

Because these additional nonexertions limitations would not significantly erode the occupational base for light work, it was not err to not consider vocational expert testimony. The use of the grids was appropriate in this case.

**IX. Conclusion**

Plaintiff has not met his burden of showing the ALJ committed legal error, or that his conclusion that Plaintiff was not disabled from December 8, 2008 to December 31, 2009, is not supported by substantial evidence.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 17th day of December, 2013.

 *s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Krohn (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 15